HAWTHORNE, Justice.
The last time this case was before this court, we were unable to determine from the record with any degree of certainty the proper amount for which recovery should be permitted, and, for the purpose of receiving additional evidence with reference to the actual value as of the date the property was taken by the Lafourche Basin Levee District for levee purposes, we remanded the case to the lower court. See Westwego Canal & Terminal Co., Inc., v. Lafourche Basin Levee Dist., 206 La. 270, 19 So.2d 133, 136. On that appeal the defendant levee district was complaining of a judgment condemning it to pay to plaintiff the sum of $15,000.00. In the course of our opinion this court pointed out that Article 16, Section 6, of the Constitution, “simply means that in no case shall the compensation be more than the assessed value; however, if the actual value is less than the assessed value such actual value shall be paid.”
On the remand the lower court, after hearing and receiving additional evidence with reference to the actual .value of the property taken, rendered judgment in favor of plaintiff in the sum of $31,490.00, of which amount $30,230.00 was for the locks and $1,260.00 for the land. In rendering this judgment the trial judge concluded that both the locks and the land had an actual value at the time of their taking in 1940 by the levee board greatly in excess of their assessed valuation for the preceding year, 1939, and accordingly rendered judgment for their assessed value.
From this judgment the defendant levee district has appealed. It takes the position in this court that plaintiff has failed to prove any value whatsoever for the locks and the land taken, and that accordingly the judgment should be reversed in its entirety.
*565 Construction of these locks was begun in the year 1903, -but the record does not disclose when they were completed. In 1917, however, due to caving conditions of the soil they were reworked. Plaintiff herein acquired the canal of which the locks form a part in 1925, and began the operation of the canal system on a toll basis. Defendant levee district took actual possession of the property for levee purposes in the latter part of the year 1940.
About the year 1934 the Intracoastal Canal and the Harvey Locks, a toll-free system constructed by the United States Government, were opened in close proximity to the canal and locks of the plaintiff. As a result of the construction of the toll-free Harvey Locks, the plaintiff’s locks were closed, and at the time of the taking by the levee board in 1940, some six years later, they had become obsolete, and no further use was being made of them. Further, these locks were not built for the type of vessels then in use, and were inadequate in size to accommodate the type of barges and towboats then being used. As pointed out in our former opinion, they were in a generally run-down condition, filled almost entirely with river deposit, brush, and trees. The working mechanism, operated by hand, was gone, and there was no means of opening or closing the lock gates. The record is barren of any evidence that from shortly after the opening of the Harvey Locks in 1934 until 1940 the plaintiff derived any revenues by virtue of the operation of this toll system of locks, or that it had any expectation of doing so in the future.
After the case was remanded by our previous decree, plaintiff obtained the map or plan under which these locks were constructed, and called as witnesses competent contractors and consulting engineers, who,, using this plan as a basis for computation, testified as to the cost of replacement of these locks according thereto, and, after deducting depreciation, concluded that at the time taken these locks had a sound construction value far in excess of the assessed valuation for the year 1939.
As pointed out in our previous opinion, however, the cost of reconstruction of these locks is incompetent proof of the actual value at the time of taking, in view of the fact that, as hereinabove stated, the locks had been virtually abandoned, were riot in use, were obsolete, were incapable of being used as locks or for any other purpose, and no revenue was being derived therefrom by the plaintiff.
The evidence is further convincing that these locks, which were constructed principally of concrete, had no salvage value, in that the dismantling of them and the operations incidental thereto would cost more than any price which could be derived from the materials.
As one witness aptly testified, the toll locks owned by plaintiff could not compete with the modern, up-to-date, and efficient toll-free Harvey Locks, and what destroyed *567 the value of the plaintiff’s locks was the building of the Harvey Locks, and not the defendant herein, the levee board.
From an analysis of all the record, we are convinced that plaintiff has failed to prove that its locks, at the time they were taken by the levee board in 1940, had .any value whatsoever, and that the lower court in awarding judgment for their assessed value committed manifest error.
The land actually taken presents a •different situation. The record reveals that the land taken for levee purposes had an •area of 100 by 150 feet, and was the prop•erty on which the lock system, consisting •of the lock 'chamber and the locks themselves, was situated. The trial judge found that the actual value of this parcel of land •at the time it was taken in 1940 was the sum of $3,150.00. He arrived at this value from the testimony of various real estate agents who gave their opinion as experts as to the value of the tract so taken, and, further, from numerous sales made of property in the immediate vicinity of the property taken, at or near the time of the taking. According to the testimony of the assessor of the parish in which the property is situated, property in that parish is assessed at between 40 and 50 per cent of its actual value. After arriving at the actual value of the property at the time of the taking, the district judge concluded that the assessed valuation of the tract was $1,260.00, or 40 per cent of the actual valuation, and gave judgment for this amount. We find no' manifest error in his conclusion.
Appellant takes the position in this court that the land taken was not assessed separately from the lock system itself, and that this court therefore cannot render any judgment for the assessed valuation of the land. It is true that the whole lock system was assessed for an amount far in excess of the actual valuation of the land taken; •but the assessed valuation of the entire lock system is bound to have included the valuation of the land on which it was situated. Having determined the actual valuation of the land, the lower court rendered judgment for the assessed value thereof, which is correct under the Constitution of this state.
For the reasons assigned, the judgment appealed from awarding to plaintiff the sum of $31,490.00 is amended by reducing the amount awarded to $1,260.00, and, as thus amended, is affirmed. All costs are to be paid by the defendant levee board.
LE BLANC, J., recused.